JEREMY W. FAITH, SBN 190647
NINA Z. JAVAN, SBN 271392
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777
Email: Jeremy@MarguliesFaithLaw.com
Email: Nina@MarguliesFaithLaw.com

Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>DARSHAN UPADHYAYA,<br><br>Debtor.<br><br>JEFFREY I. GOLDEN, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>FLOORIT FINANCIAL, INC., a Nevada Corporation,<br><br>Defendant. | Case No.: 8:15-bk-15096-ES<br><br>Chapter 7<br><br>Adv. No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF PREFERENTIAL TRANSFER [11 U.S.C. § 547];**<br><br>**(2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550];**<br><br>**(3) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]; AND**<br><br>**(4) PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. § 551]** |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeffrey I. Golden (the "Plaintiff"), Chapter 7 Trustee in Bankruptcy Case Number 8:15-bk-15096-ES (the "Bankruptcy Case"), hereby brings this "Complaint For: (1) Avoidance of Preferential Transfer [11 U.S.C. § 547]; (2) Recovery of Avoided Transfers [11 U.S.C. § 550]; (3) Disallowance of Claims [11 U.S.C. § 502(d)]; and (4) Preservation of Avoided Transfer [11 U.S.C. § 551] the "Complaint") and respectfully alleges the following upon knowledge, information, and belief:

## I.   STATEMENT OF JURISDICTION AND VENUE

1. This is an adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property). Specifically, the Complaint seeks to avoid as a preferential transfer, and recover and preserve the value of, the Second Trust Deed (as defined *infra.*) pursuant to 11 U.S.C. §§ 547, 550, and 551.

2. Plaintiff, as Chapter 7 Trustee of the Bankruptcy Estate (the "Estate") of Debtor Darshan Upadhyaya (the "Debtor"), has standing to bring this action under 11 U.S.C. §§ 323, 502, 547, 550, and 551.

3. The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and relates to the Bankruptcy Case, which is pending in the Central District of California, Santa Ana Division, following the filing of a voluntary Chapter 7 petition on October 21, 2015 by the Debtor.

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F), and (O). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this district under 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11 or arises in or relates to a case under Title 11 which is

pending in this district and does not involve an attempt to recover property worth less than $1,250.00,[1] or a consumer debt of less than $18,675.00.[2]

## II. **PARTIES**

6. Plaintiff is the duly-appointed, qualifying and acting Chapter 7 Trustee for the Estate, and brings the claims asserted herein in that capacity.

7. Plaintiff is informed and believes, and on that basis thereon alleges, that Defendant Floorit Financial, Inc. ("Defendant"), is a Nevada corporation.

## III. **GENERAL ALLEGATIONS**

8. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 21, 2015 (the "Petition Date"), initiating the Bankruptcy Case.

9. Plaintiff was subsequently appointed as the Chapter 7 Trustee of the Estate.

10. On his Bankruptcy Schedule "A" (Dkt. No 1, Bankruptcy Case), the Debtor lists an interest in the real property located at 24686 Morning Star Lane, Dana Point, California 92629 (the "Property").

11. On his Bankruptcy Schedule "D" (Dkt. No. 1, Bankruptcy Case), the Debtor lists a $850,000.00 obligation in favor of Defendant Floorit as being secured by a second position lien on the Property.

12. Plaintiff is informed and believes, and thereon alleges that, prior to the Petition Date, the Debtor issued a deed of trust on the Property in favor of Defendant Floorit (the "Second Trust Deed").

13. The Plaintiff is informed and believes, and based thereon alleges, that the Second Trust Deed was recorded in the Orange Country Recorder's Office on July 31, 2015 as Document Number 2015000399644 (the "Transfer").

///

///

---

[1] Dollar amount as adjusted by the Judicial Conference of the United States and set forth in 11 U.S.C. § 104.
[2] Dollar amount as adjusted by the Judicial Conference of the United States and set forth in 11 U.S.C. § 104.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer)

### [11 U.S.C. § 547]

14. Plaintiff hereby incorporates herein by reference Paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

15. The recordation of the Second Trust Deed (*i.e.*, the Transfer) was a transfer of an interest of the Debtor in property.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendant was a creditor of the Debtor.

17. The Transfer was a transfer made for or on account of an antecedent debt owed by the Debtor before the Transfer.

18. Plaintiff is informed and believes, and based thereon alleges, that the Transfer occurred when the Debtor was insolvent.

19. The Transfer occurred within the ninety (90) days prior to the Petition Date.

20. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was a preferential transfer avoidable under 11 U.S.C. § 547.

21. Plaintiff may recover, for the benefit of the Estate, the Second Trust Deed or the value of the Second Trust Deed from the Defendant, or from any entity for whose benefit the Second Trust Deed was recorded, or any immediate or mediate transferee of the Defendant.

## SECOND CLAIM FOR RELIEF

### (Recovery of Avoided Transfer)

### [11 U.S.C. § 550]

22. Plaintiff hereby incorporates herein by reference Paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

23. To the extent that the Transfer is avoided pursuant to 11 U.S.C. §§ 547, Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of such

transfer, from the Defendant or from the entity or entities for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee.

### THIRD CLAIM FOR RELIEF

**(Disallowance of Claims)**

**[11 U.S.C. § 502(d)]**

24.   Plaintiff hereby incorporates herein by reference Paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

25.   Plaintiff is informed and believes, and based thereon alleges, that the Defendant is the initial transferee of the Debtor's interest in the Property under the Transfer.

26.   Plaintiff is informed and believes, and based thereon alleges, that the Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

27.   The Defendant has not paid Plaintiff or the Estate the amount for which it is liable under 11 U.S.C. § 550.

28.   The Defendant has not turned over, to the Plaintiff or the Estate, the property for which ite is liable under 11 U.S.C. § 550.

29.   Accordingly, pursuant to 11 U.S.C. § 502(d), to the extent the Defendant has filed or files a claim, such claim(s) should be disallowed.

### FOURTH CLAIM FOR RELIEF

**(Preservation of Avoided Transfer)**

**[11 U.S.C. § 551]**

30.   Plaintiff hereby incorporates herein by reference Paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

31.   To the extent that the Transfer is avoided pursuant to 11 U.S.C. §§ 547, Plaintiff may preserve, for the benefit of the Estate, the Transfer pursuant to 11 U.S.C. § 551.

///

**WHEREFORE**, Plaintiff prays for relief as follows:

1. That the Court issue a judgment avoiding the Transfer as a preferential transfer under 11 U.S.C. § 547

2. That the Court issue a judgment preserving the Transfer for the benefit of the Estate pursuant to 11 U.S.C § 551;

3. That the Court issue a judgment against the Defendant for turnover of the value of the Transfer, together with interest thereon at the legal rate from the date of the Transfer;

4. That the Court issue a judgment against the Defendant which awards Plaintiff his attorneys' fees, along with the costs of suit incurred herein; and

5. That the Court grant such other relief as the Court deems just and proper.

DATED: February 12, 2016          **MARGULIES FAITH, LLP**

By: */s/ Nina Z. Javan*
Nina Z. Javan
Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF PREFERENTIAL TRANSFER [11 U.S.C. § 547]; (2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; (3) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]; AND (4) PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. § 551]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 12, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ATTORNEY FOR DEBTOR: Amid T Bahadori    atb@bahadorilaw.com
CHAPTER 7 TRUSTEE: Jeffrey I Golden (TR)    ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
ATTORNEY FOR CREDITOR FLOORIT FINANCIAL, LLC: Tom Roddy Normandin    tnormandin@pnbd.com, nwong@pnbd.com;srichards@pnbd.com;cathyjones@pnbd.com
ATTORNEY FOR CREDITOR THE RAMA FUND, LLC: Martin W. Phillips    marty.phillips@att.net
OUST: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 12, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE'S COPY: Honorable Erithe A. Smith, U.S. Bankruptcy Court, 411 West Fourth St., Ste. 5040, Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
NONE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/12/2016 | Victoria Castrellon | /s/ Victoria Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**